## COUNTIES OF KENT AND NEWPORT, DURING THE SPRING CIRCUIT, 1873.

PRESENT :

Hon. GEORGE A. BRAYTON, Chief Justice.
Hon. THOMAS DURFEE, } Justices.
Hon. ELISHA R. POTTER, }

### KENT COUNTY, MARCH TERM, 1873.

### Thurston Capwell, Collector, *vs.* David Hopkins.

It is no objection to the validity of the assessment of a tax, that the assessors did not tax a parcel of real estate of the ownership of which by the party taxed they were ignorant, although the statute (Rev. Stat. chap. 38, § 4) requires that separate tracts and parcels of real estate shall be severally described and valued as far as practicable.

Decision in *Kent, Collector*, v. *Atlantic De Laine Co.* 8 R. I. 305, reaffirmed, that the rule that "all public officers who are proved to have acted as such are presumed to have been duly appointed until the contrary appears," is applicable to a collector of the taxes of a town.

Where a collector of taxes nominated in town meeting four sureties for his bond, and the town treasurer afterwards approved it with only two of said sureties thereon, *held*, that the bond was valid, inasmuch as by the provisions of Gen. Stat. chap. 34, § 20, it is left to the discretion of the town treasurer, to whom the bond is given, to judge of the sufficiency of the sureties when the bond is offered.

ASSUMPSIT by the collector of taxes of the town of West Greenwich, to recover a tax of $396, alleged to have been assessed upon the property of the defendant located in said town. A jury trial having been waived, the case was submitted to the court both in fact and law. The facts are stated in the opinion of the court.

*Miner & S. A. Cooke, Jr.,* for plaintiff.

*B. N. Lapham,* for defendant.

BRAYTON, C. J. This action is brought in the name of Capwell, collector of taxes of the town of West Greenwich, to recover of the defendant a tax assessed upon his ratable estate, on the 3d day of November, 1871.

The jury trial was waived and the case heard by the court upon the law and the facts, under the statute.

From the evidence, it appeared that on the 29th day of May, 1871, at a town meeting held in said town of West Greenwich, a tax was regularly ordered to be assessed upon the ratable estate of the inhabitants and others owning ratable estate therein, to be assessed by the assessor of taxes, and collected by the collector of taxes, and paid in on or before the 1st day of January, 1872. At the same meeting, assessors were regularly chosen, and at the same meeting, Capwell, the plaintiff, was legally chosen collector of taxes. It also appeared that the assessors so chosen and the collector so appointed, were engaged to their respective offices, but it did not appear what oath was administered, whether the oath prescribed for town officers or some other. At the same meeting four persons were appointed as sureties on the collector's bond. The collector afterwards, and before he entered upon the duties of the office, gave a bond to the town treasurer, with two sureties satisfactory to him and also approved by the town council.

Before the assessment and apportionment of the tax, the assessors gave due notice to all persons, requiring every person liable to taxation to bring to the assessors a true and exact account of all his ratable estate, describing and specifying the value of every parcel of his real estate and personal estate at the time prescribed. The defendant appeared before them and made some statement to them in regard to his property, but he could not in his testimony before us say if he then made any statement of the property he owned or any parcel of it, and did not give any val-

uation of the whole or any parcel or parcels, but represented that his personal property was small, and claimed that his valuation ought not to be increased above that of the year preceding. He declined to bring in any account of his ratable estate under oath. He does not testify that his property was not as large as the amount of the assessors' valuation. The assessors, judging that he had had ratable estate greater in amount than he represented, increased his valuation some $29,000 above that of the previous year, and fixed it at a sum greater than it was the year after.

It was suggested that the assessors acted unfairly and oppressively. The evidence however disclosed no conduct on the part of the assessors which may not consist with a purpose to assess the defendant's estate at its full fair cash value. At the time of the assessment the assessors were not aware that the defendant owned other real estate than that which lay together and connected as they understood, and they assessed the whole together. A lot owned by the defendant some two miles distant, they were not aware that he owned, and he did not inform them.

In the argument it was agreed that the tax was lawfully ordered, but it was objected that it was not lawfully assessed; and first that the assessors, though lawfully elected, were not qualified to act in this, that in taking their engagement they did not take the oath required to be taken by town officers.

In the case of Kent v. The Atlantic De Laine Co. 8 R. I. 305, which was a case like this by a collector of taxes for the recovery of a tax assessed against the defendant, the court recognized and applied the rule, that all public officers who are proved to have acted as such are presumed to have been duly elected to their offices, until the contrary be shown.

Lord Ellenborough, in Rex v. Verelst, 3 Camp. 433, held it as a general principle of law, that a person acting in a public capacity is taken to be authorized. Patterson, J., in Rex v. Howard, 1 Mood. & Rob. 187, states the rule to be that a person acting as a public officer must be taken to have authority as such. Parke, B., in M'Gahey v. Alston, 2 M. & W. 206, affirms the rule that such a person is presumed to be authorized until the contrary be shown. The due election of these officers is not left to this presumption. Their election is proved by the records of meetings at

Capwell *v.* Hopkins.

which they were chosen. The rule extends not only to the election but to their qualification; also to their authority to perform the duties of their offices. It is only in regard to the form of the engagement which they took, that any testimony has been offered to overcome the *primâ facie* proof. That testimony is the certificate of the officer who engaged them, that they appeared before him and were engaged according to law. The oath required by statute is set out in chap. 34, § 18 of Gen. Statutes. The most that can be said of this certificate is that it does not prove that the prescribed oath was taken and so support the *primâ facie* proof; though, were the person who made the certificate a judge of the law, it would be conclusive that the proper oath was taken. It certainly furnishes no proof that that oath was not taken, or that any other particular oath was. It rebuts nothing.

It is also objected that the collector was never qualified as such collector, because he did not give bond according to law. By the statute the collector is to give bond with sufficient surety to the town treasurer, in such sum as the town or town council may appoint, not exceeding twice the amount of the tax. No objection is made to the amount of the bond. The objection is only to the sureties. The statute does not require more than one surety if that one be sufficient. It is in the power of the town, however, if the one offered be not sufficient to require more; but it seems to be left in the discretion of the treasurer, to whom the bond is given, to judge of the sufficiency of the sureties, when the bond is offered. There is no suggestion that the sureties taken were insufficient. There were two, both offered by the treasurer, and they were two of the names approved by the town. But the bond was taken as security for the town for the faithful collection of the tax, and its payment into the treasury when collected; no one else was interested in it. A tax-payer could not have it sued for his benefit.

Another objection made to the validity of the assessment is that the assessors did not put a separate valuation on the several distinct portions of the defendant's real estate; that though the bulk of his real estate consisted of lots so connected as properly to be treated as one parcel, there was an estate situated at a distance of two miles therefrom, and the objection is that this distant lot was assessed with others and a gross valuation made. In point

of fact this distant lot was not assessed at all, the assessor not being aware that such lot was owned by defendant.

The statute requires only that separate tracts or parcels shall be severally described and valued as far as practicable. This provision, from the language in which it is expressed, was evidently not intended to be imperative, and to require all the parcels of a person's estate to be separately assessed and described under all circumstances.

It is not necessary to the validity of a tax upon that which is valued, that all other estates of the same person shall be taxed, and if not required to be taxed, certainly it is not necessary to value it. It is quite sufficient to value separately what estates of the person assessed are known to the assessors. This they did tax and value as the statute requires, and they have only omitted that of which they were not informed.

Had the defendant given, upon the notice given him, a particular account of his estate, there would be more force in the objection ; but it comes with an ill grace from one who has refused to give the assessor any information upon the subject of which he now complains.

We see no sufficient objection to a recovery by the plaintiff of the amount taxed to defendant, and he must have judgment therefor.                                        *Judgment for plaintiff.*